SULLIVAN & CO. v. SULLIVAN.

1. This court cannot consider alleged errors in a charge where the brief does not furnish a copy of the charge or any part of it.

2. Errors of a charge alleged in grounds of appeal, but not excepted to as required by the statute and rules of court, are not properly before this court for consideration.

3. The code of procedure has made no material changes in the primary rights of parties or in the causes of action, nor has it given any new redress for wrongs perpetrated; it has only changed the mode by which such redress is reached and applied.

4. In action to recover notes of plaintiff deposited with defendant as collateral security for a debt, which was now paid, the Circuit judge properly refused to charge the jury that the plaintiff could recover nothing except the notes, or if they could not be delivered, their amount and interest—there being evidence that the notes had diminished in value while retained by the defendant.

5. Under a general allegation of payment, evidence may be offered to show an agreement that certain accounts should be received as payment.

---

Before WALLACE, J., Greenville, April, 1883.

Action by J. H. Sullivan & Co. against Hewlet Sullivan, commenced December 18th, 1880. Within the required time after the adjournment of the court at which the cause was tried, the defendant served upon the presiding judge and the plaintiffs' attorneys, the following notice: "Please take notice that the

defendant in the above action appeals from the order of his Honor, the presiding judge, refusing the motion for a new trial herein, and will renew said motion in the Supreme Court, upon the same grounds moved in said Circuit Court, to wit:" [Here follow the grounds of appeal stated in the opinion.] All other matters necessary to a full understanding of the case, appear in the opinion of this court.

*Messrs. Perry & Perry* and *J. H. Whitner*, for appellant.

*Messrs. Wells & Orr*, contra.

March 10th, 1884. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The plaintiffs, respondents, brought the action below to recover possession of certain notes which they had deposited with defendant, appellant, as collateral security, and also damages for their detention. The complaint alleged that the debt of respondents to appellant, to secure which these notes had been deposited, had been paid, and that a return of said notes, upon demand, had been refused.

On the question of the payment of respondents' debt to appellant, testimony was received (appellant excepting) that appellant had agreed to take in part payment of said indebtedness a store account which respondents held against appellant, which if credited thereon with the other credits would extinguish the same. The judge was requested by defendant's attorney to charge the jury, that the plaintiffs were not entitled to recover in this action anything but the notes claimed, or, if they cannot be delivered, then the amount of said notes and interest. This he declined.

The jury found for the plaintiffs the notes described in the pleadings and $150 damages. The admission of the alleged incompetent testimony above referred to, with several other grounds, constitute the basis of the appeal. These grounds are as follows : "First. Because his Honor erred in charging the jury that damages might be found for the plaintiffs for any inconvenience which they suffered by the detention of the

property (notes) by the defendant, the value of which was appreciable or could be estimated in money. Second. Because it appeared from the evidence of the plaintiffs that the notes sued for were as valuable as at the time of the alleged conversion, and would be returned if the verdict was for the plaintiffs, and, therefore, only nominal damages could be recovered. And, Third. Because the damages were excessive."

The charge of the judge is not set forth either in whole or in part in the brief, and the portion of it referred to in the grounds of appeal, and upon which the appellant bases the greater part of his argument, is not admitted by the respondents; on the contrary, the respondents' argument is addressed to the refusal to charge appellant's request above, which it sustains. Whatever may be the facts of the case, this court is confined to the record. Any other rule would lead to utmost confusion. It does not appear in the record that the judge charged as stated in the first ground of appeal, nor, if he thus charged, does it appear that any exception thereto was served as required by the rules of this court and the act of assembly on the subject of appeals. And, therefore, that ground in full is not fairly before us, except so far as it is involved in the request to charge.

This request denied the right of plaintiffs to recover in this action anything but the notes claimed, or if they could not be delivered, then the amount thereof and interest. The argument of appellant is founded upon section 298 of the code, which provides, " That when damages are recoverable, the plaintiff may recover, if he show himself entitled thereto, any rate of damages which he might have heretofore recovered for the same cause of action," and he contends that before the adoption of the code and under the old forms of action in cases like this, when notes or bills formed the subject of the action, which were solvent and bearing interest, the recovery of the notes with the costs of the action was the extent of plaintiffs' right, except where fraud, malice or special aggravation rendered vindictive or punitive damages proper; that in the absence of such elements last suggested, the plaintiff was confined to the direct pecuniary loss sustained, which, in mere money demands, includes nothing more than the interest and costs, such being the case under the former

practice.   It is now urged that section 298 of the code remands
such cases to the former practice and limits the recovery of
damages, as did the law before the new procedure.   This position
in the main is no doubt correct.   The code has made no material
changes in the primary rights of parties, or in the causes of
actions, nor has it given any new redress for wrongs perpetrated.
It has only changed the mode by which such redress is reached
and applied.   The rights and remedies (using the term "remedy"
in the sense of "redress") are still the same.

But is the other position of appellant correct, to wit: That
under the former practice in cases like this, the plaintiff could
recover nothing except the notes, or, if they could not be deliv-
ered, then their amount and interest; so much so, as to demand
that the judge should have charged in this case that proposition
as matter of law?   The action below was an action for the
recovery of personal property and damages for its detention.   It
was an action in the nature of the old action of trover.   It will
not be denied that in actions of that kind, under the former
practice (as a general rule), damages for detention beyond the
property itself could be and were uniformly recovered, such
damages being measured by different rules, according to the
character of the property and the circumstances of each case.
See case of *McDowell* v. *Murdock*, 1 *Nott & McCord* *237, where
the court said :   " It has lately been determined by this court in
several cases, that a jury cannot give vindictive damages in an
action of trover.   The value of the property, with such damages
as must necessarily be supposed to flow from the conversion, is
the true measure.   Such, for instance, as the work and labor of
negroes; interest on the value of dead property."   *Buford* v.
*Fannen*, 1 *Bay* (2d edit.) 273; *Harley* v. *Platts*, 6 *Rich*. 318;
*Kid* v. *Mitchell*, 1 *Nott & McCord* 338.

It is said, however, that these cases involved property other than
a money demand, property the possession and use of which was
valuable to the defendant, and to that extent injurious to the
plaintiff, and therefore it was proper to apply the value of such
possession and use as the measure of damages for the detention,
while in the case before the court the property being notes, of
which no use could be made, the same measure could not be

applied; but, on the contrary, the same rule was the one required, to wit, a recovery of the notes, or their amount with interest. Admitting the principle as a general proposition, that in actions on money demands for the recovery of bills or notes, the evidence of money demands, the measure of damages for the detention in case the said notes cannot be delivered, is the interest, and that the verdict should be for the notes, or their amount and interest; yet this principle is not universal and inflexible: on the contrary, it is subject to that other general rule which is universal, and which applies to all cases sounding in damages, to wit, that the plaintiff is entitled to recover for his direct pecuniary loss flowing from the wrong which he has suffered at the hands of the defendant.

Here there was some evidence that the notes had been diminished in value while in the hands of defendant. Upon one, the Harrison note, the defendant had received $30, and another on the Sullivan Manufacturing Co. was said to be worthless, because not presented and proved before the assignee. Under these circumstances it would have been error for the judge to have charged in the form requested, as one of the alternatives suggested, to wit, the recovery of the notes, would not have been the full measure of plaintiffs' right. He was entitled certainly, in addition to the notes, to the amount collected by the defendant on the Harrison note, and also to damages to the extent of the impaired value, if any, of the Sullivan Manufacturing Co. note, which might have been denied him under the request to charge, if that request had been complied with. We do not know the basis of the verdict. It may be that they found from the evidence that the notes, one or more, had been impaired in value below their face, while in the hands of the defendant and by his negligence. This was a question of fact, with which we have nothing to do. The verdict, while giving to the plaintiff the notes described in the pleadings, may have intended, by the amount of damages given, to put said notes back to the value when the defendant received them. In that view the verdict would be at least substantial justice between the parties, and the judgment should not be therefore hastily disturbed.

As to the incompetent testimony on the allegation of payment, see *Pom. Rem.*, § 701; *Bank* v. *Sherman*, 33 *N. Y.* 69. The other grounds involve questions of fact and need not be considered.

It is the judgment of this court that the judgment below be affirmed.